**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>JOANN KOLNBERGER | Case No.:        18-75904-ast<br><br>Adversary No.    19-8021-ast<br><br>Chapter:        13 |
| JOANN KOLNBERGER,<br><br>        Plaintiff,<br>v.<br><br>SPECIALIZED LOAN SERVICING INC., BANK OF AMERICA, N.A., DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-4<br><br>        Defendants. | **DEFENDANT BANK OF AMERICA, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS DEBTOR'S SECOND AMENDED ADVERSARY COMPLAINT** |

# **TABLE OF CONTENTS**

I.    INTRODUCTION AND BACKGROUND FACTS ........................................................... 1

    A.    The Loan Documents........................................................................................... 2

    B.    The Foreclosure Action....................................................................................... 3

    C.    The Main Bankruptcy Action ............................................................................. 3

II.    ARGUMENT AND AUTHORITIES................................................................................ 5

    A.    APPLICABLE LEGAL STANDARDS .................................................................. 5

        1.    The Legal Standard for Motions to Dismiss Under Rule 12(b)(1) ............. 5

        2.    The Legal Standard for Motions to Dismiss Under Rule 12(b)(6) ............. 6

    B.    LEGAL ARGUMENT.......................................................................................... 6

        1.    The Court Should Dismiss the Amended Complaint Pursuant to
            Rule 12(b)(1) for Lack of Subject Matter Jurisdiction Pursuant to
            the *Rooker-Feldman* Doctrine.................................................................... 6

        2.    Alternatively, The Court Should Dismiss the Amended Complaint
            Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction
            Pursuant to the *Colorado River* and *Younger* Abstention Doctrines. ......... 8

        3.    The Court Should Dismiss the Amended Complaint Pursuant to
            Rule 12(b)(6) Because Res Judicata Bars Debtor's Claims...................... 11

    C.    Debtor Fails to State a Plausible Claim for Relief against BANA in the
        Amended Complaint. .......................................................................................... 12

        1.    Violation of RESPA (Count One)............................................................ 12

        2.    Fraud (Count Six) ................................................................................... 14

        3.    Deceptive Practices Act, General Business Law § 349(a) (Count
            Seven) .................................................................................................... 16

III.    CONCLUSION............................................................................................................. 17

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ACLU-NJ v. Township of Wall,*
    246 F.3d 258 (3d Cir. 2001) .................................................................................5

*Arons v. Lalime,*
    3 F. Supp. 2d 314 (W.D.N.Y. 1998) ...................................................................14

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ..............................................................................................6

*Bradbury v. GMAC Mortg., LLC,*
    780 F. Supp. 2d 108 (D. Me. 2011) .......................................................................6

*Citadel Mgmt., Inc. v. Telesis Trust, Inc.,*
    123 F. Supp. 2d 133 (S.D.N.Y. 2000) .................................................................15

*Colorado River Water Conserv. Dist. v. United States,*
    424 U.S. 800 (1976) .............................................................................1, 5, 8, 9, 10

*Cosmas v. Hassett,*
    886 F.2d 8 (2d Cir. 1989) ....................................................................................14

*DDR Constr. Servs., Inc. v. Siemens Indus., Inc.,*
    770 F. Supp. 2d 627 (S.D.N.Y. 2011) ...................................................................8

*Dist. of Columbia Court of Appeals v. Feldman,*
    460 U.S. 462 (1983) .............................................................................1, 4, 5, 6, 7, 9

*Dittmer v. County of Suffolk,*
    146 F. 3d 113 (2d Cir. 1998) .................................................................................8

*Emigrant Mortg. Co., Inc. v. Fitzpatrick,*
    95 A.D.3d 1169 (2d Dept. 2012) .........................................................................16

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,*
    544 U.S. 280 (2005) ..............................................................................................6

*Federated Dep't Stores, Inc. v. Moitie,*
    452 U.S. 394 (1981) ............................................................................................11

*Gray v. Bankers Trust Co. of Albany, N.A.,*
    442 N.Y.S.2d 610, 82 A.D.2d 168 (3d Dep't 1981) ...........................................12

*Hoblock v. Albany Cty. Bd. of Elections*,
  422 F.3d 77 (2d Cir. 2005).......................................................................................6, 7

*Huffman v. Pursue Ltd.*,
  420 U.S. 592 (1975)....................................................................................................10

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994)......................................................................................................5

*Monahan v. NYC Dep't of Corr.*,
  214 F.3d 275 (2d Cir. 2000).......................................................................................11

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983)..........................................................................................................8

*Nottenberg v. Walber*,
  554 N.Y.S.2d 217 (1st Dept. 1990) ...........................................................................11

*Oswego Laborers' Local 214 Pension Fund v. Marin Midland Bank*,
  85 N.Y.2d 20 (1995) ...................................................................................................16

*Premium Mortg. Corp. v. Equifax, Inc.*,
  583 F.3d 103 (2d Cir. 2009).......................................................................................14

*Matter of Reilly v. Reid*,
  45 N.Y.2d 24 (1978) ...................................................................................................11

*Rombach v. Chang*,
   355 F.3d 164 (2d Cir. 2004).......................................................................................14

*Rooker v. Fidelity Trust Co.*,
  263 U.S. 413 (1923)...............................................................................1, 4, 5, 6, 7, 9

*Schwartz v. Public Adm'r*,
  24 N.Y.2d 65 (1969) ...................................................................................................11

*Shields v. Murdoch*,
  891 F. Supp. 2d 567 (S.D.N.Y. 2012).........................................................................8

*Spargo v. New York State Comm'n on Judicial Conduct*,
  351 F.3d 65 (2d Cir. 2003).........................................................................................10

*Sprint Commc'ns, Inc. v. Jacobs*,
  134 S.Ct. 584 (2013).....................................................................................................9

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998).........................................................................................................5

*Vill. of Westfield v. Welch's*,
 170 F.3d 116 (2d Cir. 1999).................................................................................9

*Younger v. Harris*,
 401 U.S. 37 (1971)..........................................................................1, 5, 8, 9, 10

**Statutes**

28 U.S.C. § 1257(a) .............................................................................................5

GBL § 349(a) .........................................................................................4, 16, 17

**Rules & Regulations**

12 C.F.R. § 1024.36 .............................................................................................4

12 C.F.R. § 1024.41 .............................................................................................4

12 C.F.R. § 1024.41(d) .............................................................................4, 13, 14

12 C.F.R. § 1024.41(h) .............................................................................4, 13, 14

FED. R. BANKR. P. 7012 .......................................................................................1

FED. R. CIV. P. 9(b) ......................................................................................14, 15

FED. R. CIV. P. 12(b)(1).................................................................5, 6, 7, 8, 10

FED. R. CIV. P. 12(b)(6).................................................................1, 5, 6, 11, 12, 17

Defendant Bank of America, N.A. ("BANA"), by and through its attorneys, respectfully submits this memorandum of law in support of its motion to dismiss the May 8, 2019 Second Amended Adversary Complaint (the "Amended Complaint," Doc. 27) filed by Debtor Joann Kolnberger ("Debtor") pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012, for failure to state any cognizable claim for relief. As explained herein, the Court should dismiss Debtor's Amended Complaint for lack of subject matter jurisdiction, and alternatively, should dismiss the Amended Complaint in its entirety, with prejudice, for failure to state a plausible claim for relief.

## I.    INTRODUCTION AND BACKGROUND FACTS

Paralleling the arguments made within the foreclosure action, and ignoring the state court's judgment, Debtor brings this meritless action asserting claims for violations of Real Estate Settlement Procedures Act ("RESPA"), after the state court granted a Judgment of Foreclosure and Sale against Debtor and in favor of co-defendant and mortgagee Deutsche Bank National Trust Company, as trustee, on behalf of the holders of the Impac Secured Assets Corp., Mortgage Pass-Through Certificates Series 2006-4 ("Deutsche Bank"). Debtor, however, fails to allege facts that demonstrate a plausible claim for relief against BANA, and this Court lacks subject matter jurisdiction over Debtor's claims against BANA based on the *Rooker Feldman* doctrine and/or the *Colorado River* and *Younger* abstention doctrines. In addition, Debtor's claims are barred as a matter of law by the doctrine of res judicata. For these reasons, and as explained more fully below, the Court should dismiss the Amended Complaint.

### A.      The Loan Documents

On or around September 11, 2006, Debtor along with Michael Kolnberger[1] (collectively, "Borrowers") executed a promissory note ("the Note") in favor of First Financial Equities, Inc., a New York Corporation ("First Financial" or "Lender") in exchange for a loan in the principal amount of $456,000.00 (the "Loan"). *See Am. Compl. Ex. A at 21-24.* To secure their obligations under the Note, Borrowers executed a mortgage (the "Mortgage," and collectively with the Note, the "Loan") on the property located at 106 Park Hill Avenue, Massapequa, New York 11758 (the "Property") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as mortgagee and nominee for First Financial and its successors and assigns. *See Am. Compl. Ex. A at 25-47.* The Mortgage was recorded on November 14, 2006 in the Office of the Clerk of Nassau County, Book M31204 of Mortgages, page 101. *See id.* On or around December 11, 2014, MERS assigned the Mortgage to Deutsche Bank (the "2012 Assignment"). *See Am. Compl. Ex. A at 48-50.* The Assignment was recorded on December 30, 2014 in the Office of the Clerk of Nassau County, Book M40127, Page 737. *Id.* Effective July 31, 2009, BANA and Debtor entered a loan modification agreement (the "2009 Loan Modification Agreement") which modified the Loan. *See Am. Compl. Ex. A at 51-54.*

As Debtor concedes in the Amended Complaint, BANA is a prior loan servicer. Am. Compl. ¶¶ 47, 51. Debtor alleges that in or around April 2016, she submitted another request for modification of the Loan to BANA, which BANA denied on or around October 14, 2016. Am. Compl. ¶ 50. Approximately one month later, on November 16, 2016, BANA transferred servicing

---

[1] Debtor alleges that Michael Kolnberger died at some point during the time period of November 2015 to April 2016. Am. Compl. ¶ 48.

of the Loan to Select Portfolio Servicing, Inc. ("SPS"). *Id.* ¶ 51. As of November 16, 2016, BANA was neither the mortgagee nor the servicer of the Loan.[2]

### B.    The Foreclosure Action

As alleged in the Amended Complaint, on August 17, 2015, Deutsche Bank filed a complaint for foreclosure in the Supreme Court of Nassau County, Index No 007128/2015 ("Foreclosure Action"). Am. Compl. ¶ 48. A copy of the foreclosure docket is attached hereto as **Exhibit A** to the concurrently filed Declaration of Heather E. Saydah ("Saydah Decl."). According to the foreclosure docket, plaintiff/mortgagee Deutsche Bank filed a Motion for Judgment of Foreclosure and Sale on October 12, 2016. On June 25, 2017, Debtor, through her counsel, filed an opposition to the Motion for Judgment (the "Opposition Papers," attached as **Exhibit B** to the Saydah Decl.), in which Debtor asserted defenses and arguments regarding the denial of her applications for a loan modification and purported violations of RESPA similar to those asserted in the Amended Complaint. On June 11, 2018, the State Court in the Foreclosure Action entered a Judgment of Foreclosure and Sale (the "Foreclosure Judgment," attached as **Exhibit C** to the Saydah Decl.) in favor of Deutsche Bank and against Debtor. A foreclosure sale was scheduled for September 4, 2018, but was not held.

### C.    The Main Bankruptcy Action

Faced with a pending foreclosure sale date, on August 31, 2018, Debtor filed a petition for bankruptcy protection under Chapter 13 (the "Bankruptcy Action"), from which the instant adversary action stems.

---

[2] Debtor suggests that BANA was the master servicer of the Loan following the service transfer to SPS. *See* Am. Compl. ¶ 34. BANA, however, did not retain master servicing rights following the service transfer to SPS, and Debtor does not allege sufficient facts to demonstrate that it did.

On October 11, 2018, Deutsche Bank filed a proof of claim in the Bankruptcy Action for a total secured amount of $570,659.64, which includes $166,645.82 in arrears and appears on the Claims Register as Claim 3-1.  *See* Claim 3-1.  On December 24, 2018, SPS filed a motion for relief from the stay ("MRS").  Doc. 23.  On January 22, 2019, Debtor filed an opposition to the MRS, in which Debtor once again asserted defenses and arguments similar to those made by Debtor in the Opposition Papers filed in the Foreclosure Action, as well as in the Amended Complaint filed in the instant action.  Doc. 28. On January 25, 2019, SPS filed a response to Debtor's January 22, 2019 opposition papers.  Doc. 28. On May 10, 2019, the Court granted the MRS in favor SPS. Doc. 47.

Debtor now brings suit against former loan servicer BANA, current loan servicer SPS, and mortgagee Deutsche Bank, complaining that the denials of her applications for a loan modification violated federal and state laws.  As to BANA, Plaintiff asserts claims for violation of 12 C.F.R. § 1024.41 of RESPA (Count One), fraud (Count Six), and violation of New York State General Business Law Section 349 (Count Seven).[3]  However, Debtor's claims fail as a matter of law and should be dismissed with prejudice for numerous reasons.  *First*, this Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine because the Amended Complaint is an

---

[3] In Count Two, Debtor complains that "SPS's use of a false pretext is a violation of 12 C.F.R. § 1024.41(d)."  Am. Compl. ¶ 107.  Thus, Count Two is not asserted against BANA.  In Count Three, Debtor complains that "SPS's repeated violations of 12 C.F.R. §1024(d) and 12 C.F.R. § 1024.41(h)…constitute a 'pattern and practice' of violations of RESPA."  Am. Compl. ¶113. Thus, Count Three is not asserted against BANA.  In Count Four, Debtor complains that SPS has not responded to Debtor's notice of error dated December 21, 2018. Am. Compl. ¶119.  Thus, Count Four for violation of 12 C.F.R. § 1024.36 is not asserted against BANA.  In Count Five, Debtor complains that "SPS has moved for relief from the automatic stay." Am. Compl. ¶124.  It is undisputed that SPS, not BANA, has moved for relief in the Bankruptcy Action; thus, Count Five is not properly asserted against BANA.  Accordingly, because Counts Two, Three, Four and Five do not pertain to BANA based on the alleged facts, BANA's Motion does not address those claims.

improper collateral attack on the Foreclosure Judgment entered in the Foreclosure Action.  *Second*, to the extent there are ongoing proceedings before the State Supreme Court regarding the Foreclosure Action, the *Younger* and *Colorado River* abstention doctrines bar Debtor's claims. *Third*, Debtor's claims are barred by res judicata.  *Finally*, Debtor's claims do not withstand Rule 12(b)(6) scrutiny because Debtor does not set forth sufficient facts to allege a cognizable claim for relief.  For these reasons, and as discussed more fully below, the Court should dismiss Debtor's Amended Complaint against BANA, with prejudice.

## II.    ARGUMENT AND AUTHORITIES

### A.    APPLICABLE LEGAL STANDARDS

#### 1.    The Legal Standard for Motions to Dismiss Under Rule 12(b)(1)

Rule 12(b)(1) mandates dismissal of an action where a federal court lacks subject matter jurisdiction.  The existence of subject matter jurisdiction is a threshold issue.  "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed."  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).  Absent a proper basis for subject matter jurisdiction, a case must be dismissed.  *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 96 (1998).  Under the *Rooker–Feldman* doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts.  *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).  Jurisdiction to review such decisions lies with superior state courts and, ultimately, the United States Supreme Court.  *See* 28 U.S.C. § 1257(a).  A party who seeks to invoke federal jurisdiction bears the burden of proving standing.  *ACLU-NJ v. Township of Wall,* 246 F.3d 258, 266 (3d Cir. 2001).

### 2.    The Legal Standard for Motions to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) requires dismissal of a claim if, after accepting as true all of the plaintiff's allegations and the reasonable inferences derived, no relief could be granted under any set of facts set forth in the complaint.  Although "a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).  Further, although the facts pled are assumed as true in this context, there still must be factual allegations sufficient to state a claim.  *Id.* at 562-63.

## B.    LEGAL ARGUMENT

### 1.    The Court Should Dismiss the Amended Complaint Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction Pursuant to the *Rooker-Feldman* Doctrine.

The *Rooker-Feldman* doctrine bars Debtor's Amended Complaint.  The United States Supreme Court announced the doctrine in two cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The doctrine holds that lower United States federal courts "do not have jurisdiction over a claim that seeks in essence to overturn a state court judgment."  *See Bradbury v. GMAC Mortg., LLC*, 780 F. Supp. 2d 108, 112 (D. Me. 2011).  As the Second Circuit has explained, the *Rooker-Feldman* doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The *Rooker-Feldman* doctrine applies when four factors are met:

> **First**, the federal-court plaintiff must have lost in state court.
> **Second**, the plaintiff must "complain[ ] of injuries caused by [a]
> state-court judgment[.]"  **Third**, the plaintiff must "invit[e] district
> court review and rejection of [that] judgment[ ]."  **Fourth**, the state-
> court judgment must have been "rendered before the district court
> proceedings commenced"—i.e., *Rooker–Feldman* has no
> application to federal-court suits proceeding in parallel with ongoing
> state-court litigation.

*Hoblock*, 422 F.3d 77, 85 (emphasis added).  Each element is satisfied here.

First, Debtor lost in Foreclosure Action.  By way of the Final Judgment, the State Supreme Court granted judgment for foreclosure in favor of Deutsche Bank on June 11, 2018, prior to the filing of this action on January 28, 2019.  Saydah Decl., Ex. C; Doc. 1.  Second, the Amended Complaint complains of injuries caused by the Foreclosure Action, and it is undisputed that Debtor filed the Bankruptcy Action to stall the pending foreclosure sale which was scheduled for September 4, 2018.  Debtor raised the exact same issues regarding the denial of her applications for a loan modification in the Foreclosure Action and alleged violations of RESPA in her Opposition Papers, and the State Supreme Court rejected them.  Moreover, allowing Debtor to proceed with her claims in the instant action would require this Court to re-adjudicate issues already litigated before the State Supreme Court in the Foreclosure Action, namely, that the Loan is in default, that Debtor was not entitled to a loan modification, and that Deutsche Bank was entitled the Foreclosure Judgment based on Debtor's default and failure to cure the default.  In short, the substantive issues raised by Debtor in the Amended Complaint have already been adjudicated against her in the Foreclosure Action vis-à-vis the Foreclosure Judgment.  *Id.*  Thus, to grant the relief Debtor seeks in the Amended Complaint, this Court would have to reject and reverse the State Supreme Court's Foreclosure Judgment.  Consequently, this Court lacks subject matter jurisdiction to hear Debtor's claims pursuant to the *Rooker-Feldman* doctrine, and the Court should dismiss the Amended Complaint, with prejudice, pursuant to Rule 12(b)(1).

**2.    Alternatively, The Court Should Dismiss the Amended Complaint Pursuant to Rule 12(b)(1) for Lack of Subject Matter Jurisdiction Pursuant to the *Colorado River* and *Younger* Abstention Doctrines.**

To the extent the Foreclosure Action is deemed ongoing due to the fact that the foreclosure sale has not yet occurred, the Court should abstain from exercising subject matter jurisdiction over this Adversary Action pursuant to the *Colorado River* abstention doctrine and/or the *Younger* abstention doctrine.  It is well-settled that the *Colorado River* abstention doctrine[4] allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding and when evaluation of a six-factor test weighs in favor of abstention.  *DDR Constr. Servs., Inc. v. Siemens Indus., Inc.,* 770 F. Supp. 2d 627, 643-644 (S.D.N.Y. 2011) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983)).  "The threshold question in *Colorado River* abstention analysis is whether the state and federal actions at issue are 'parallel.'" *DDR,* 770 F. Supp. 2d at 644 (citing *Dittmer v. County of Suffolk,* 146 F. 3d 113, 118 (2d Cir. 1998)).  "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *DDR,* 770 F. Supp. 2d at 627.

The decision whether to dismiss a federal action because of parallel state-court litigation "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case." *Shields v. Murdoch*, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012).  The Second Circuit has held that to determine whether abstention under *Colorado River* is appropriate, a district court is to weigh six factors: (1) which court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6)

---

[4]  *See Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800 (1976).

whether the state court will adequately protect the interests of the parties. No single factor is necessarily decisive. *Vill. of Westfield v. Welch's*, 170 F.3d 116, 121 (2d Cir. 1999).

Here, to the extent this action is not dismissed pursuant to *Rooker-Feldman*, this Court should decline to exercise subject matter jurisdiction pursuant to the *Colorado River* abstention doctrine because this lawsuit was commenced after the State Supreme Court rendered the Foreclosure Judgment against Debtor, and Debtor plainly brought this suit for the sole purpose of challenging the Foreclosure Judgment and seeking relief from this Court to prevent a scheduled foreclosure sale ordered to take place by the State Supreme Court. Furthermore, an analysis of the six-factor test weighs heavily in favor of abstention. The State Supreme Court has maintained jurisdiction over the parties' dispute vis-à-vis the Foreclosure Action, and it also has jurisdiction over the subject Property. The Foreclosure Action also implicates significant state interests, as any relief granted by this Court would directly impact the State of New York's interest in protecting the authority of its judicial system. Finally, the State Supreme Court has largely considered Debtor's claims and is capable of protecting the interests of Debtor. Accordingly, this Court respectfully should abstain from exercising jurisdiction over Debtor's claims pursuant to the *Colorado River* doctrine.

BANA further respectfully submits that this Court should abstain from exercising jurisdiction pursuant to the *Younger* abstention doctrine. The *Younger* doctrine holds that federal courts should decline to exercise jurisdiction over cases where doing so would interfere with pending state court proceedings. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Abstention is appropriate where, *inter alia*, a case "implicate[s] a State's interest in enforcing the orders and judgments of its courts[.]" *Sprint Commc'ns, Inc. v. Jacobs*, 134 S.Ct. 584, 588 (2013). If a case meets the above criteria, abstention is mandatory where "(1) there is a pending state court

proceeding; (2) that implicates an important state interest; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal . . . claims." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003).

Again, Debtor's Amended Complaint collaterally attacks the Foreclosure Judgment rendered by the State Supreme Court, which pertains to real property located in New York, implicating an important State interest. Thus, interference with the Foreclosure Action through a separate federal action before this Court could prevent the State Supreme Court not only from effectuating its substantive policies, but also from continuing to perform the separate function of providing a forum competent to vindicate any objections interposed. Such interference would also result in duplicative legal proceedings so as to "reflect negatively upon the state court's ability to enforce constitutional principles." *Huffman v. Pursue Ltd.*, 420 U.S. 592, 604 (1975). Moreover, the State Supreme Court has a significant interest in enforcing its orders and judgments. Finally, the third prong of the *Younger* doctrine is satisfied, as the proceedings before the State Supreme Court have afforded Debtor a full and fair opportunity to litigate the issues relating to the Foreclosure Action, including her allegation that she should have been granted a loan modification. In the Amended Complaint, Debtor complains of the same injuries and/or damages she previously raised in the Opposition Papers filed in the Foreclosure Action, which the State Supreme Court has already rejected. Thus, Debtor should not be allowed to circumvent the State Supreme Court's decision or the Foreclosure Judgment by bringing a separate action in federal court, based on the same allegations, in which she raises the same previously-rejected issues.

For all of these reasons, this Court should decline to exercise subject matter jurisdiction in accordance with the *Colorado River* and/or *Younger* abstention doctrines and should dismiss the Amended Complaint pursuant to Rule 12(b)(1).

**3.      The Court Should Dismiss the Amended Complaint Pursuant to Rule 12(b)(6) Because Res Judicata Bars Debtor's Claims.**

Alternatively, to the extent this Court concludes that subject matter jurisdiction is proper, the Court should dismiss the Amended Complaint for failure to state a plausible claim for relief because Debtor's claims are duplicative of the claims previously raised by Debtor and rejected by the State Supreme Court as part of the Foreclosure Action. Because Debtor's claims were considered and rejected by the State Supreme Court, Debtor's claims asserted here are barred as a matter of law by the doctrine of res judicata.

Under the "doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). New York follows a transactional approach to res judicata. *Matter of Reilly v. Reid*, 45 N.Y.2d 24, 29-30 (1978). Under this approach, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if upon different theories or if seeking a different remedy." *Id*. The doctrine "bars not only claims that were actually litigated but also claims that could have been litigated." *Nottenberg v. Walber*, 554 N.Y.S.2d 217, 218 (1st Dept. 1990). For *res judicata* to apply, the previous disposition must have been on the merits and the party opposing preclusion must have had a full and fair proceeding. *See Schwartz v. Public Adm'r*, 24 N.Y.2d 65, 71 (1969).

The Second Circuit uses a similar approach, and has held that to establish res judicata, a party must demonstrate that: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan v. NYC Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

Here, the State Supreme Court rendered the Foreclosure Judgment against Debtor in the Foreclosure Action. *See* Saydah Decl. Ex. C; *see also Gray v. Bankers Trust Co. of Albany, N.A.*, 442 N.Y.S.2d 610, 612, 82 A.D.2d 168, 170 (3d Dep't 1981) (holding that "[a] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and all matters of defense which were or might have been litigated in the foreclosure action are concluded"). Second, the Foreclosure Action involved the same parties or those in privity with them. It is undisputed that Debtor and Deutsche Bank are parties to both the Foreclosure Action and this action, and that SPS and BANA are in privity with Deutsche Bank as current or previous servicers of the Loan. Finally, Debtor's claims and allegations complaining of purported violations of RESPA were raised by Debtor and rejected by the State Supreme Court in the Foreclosure Action, and Debtor had a full and fair opportunity to litigate them before that court. In addition, the Foreclosure Action and the Amended Complaint are based on a common nucleus of operative facts, *i.e.*, the Note, Mortgage, modification of the Loan, and Debtor's challenge to a lawful foreclosure following her default. Accordingly, the doctrine of res judicata bars Debtor from taking ***yet another bite at the apple*** by bringing a separate challenge to the Foreclosure Judgment in this Court. *Id*. Thus, the Court should dismiss the Amended Complaint in its entirety, with prejudice, pursuant to res judicata.

**C.    Debtor Fails to State a Plausible Claim for Relief against BANA in the Amended Complaint.**

In addition to the reasons warranting a dismissal with prejudice discussed above, a dismissal of the Amended Complaint is appropriate because Debtor's claims do not withstand Rule 12(b)(6) scrutiny, as each cause of action asserted against BANA fails to state a claim upon which relief can be granted.

**1.    Violation of RESPA (Count One)**

In support of Count One, Debtor alleges that BANA "made materially false statements of fact as to the reasons for denial of the modification applications." Am. Compl. ¶ 96. Based on this conclusory allegation, Debtor alleges BANA violated 12 C.F.R. §§ 1024.41(d) and 1024.41(h). 12 CFR § 1024.41(d) states:

> (d) *Denial of loan modification options.* If a borrower's complete loss mitigation application is denied for any trial or permanent loan modification option available to the borrower pursuant to paragraph (c) of this section, a servicer shall state in the notice sent to the borrower pursuant to paragraph (c)(1)(ii) of this section the specific reason or reasons for the servicer's determination for each such trial or permanent loan modification option and, if applicable, that the borrower was not evaluated on other criteria.

> 12 CFR § 1024.41(h) states:

> "[A] servicer shall permit a borrower to make an appeal within 14 days after *the* servicer provides the offer of a loss mitigation option, and… (4) within 30 days of a borrower making an appeal, the servicer shall provide a notice to the borrower stating the servicer determination of whether the servicer will offer the borrower a loss mitigation option based upon the appeal and, if applicable, how long the borrower has to accept or reject such an offer."

Debtor's allegations as to the purported misstatement made in the denial letter fail to establish a plausible claim for relief pursuant to Sections 1024.41(d) or 1024.41(h), as those regulatory provisions outline the information that needs to be relayed to the borrower in a denial letter (1024.41(d)) and the appeal process for a denial letter (1024.41(h)). Neither section mentions "misstatements" or gives rise to a cause of action for "misrepresentations," "misstatements," or "false pretexts." *Id.*

In fact, Debtor's own allegations in the Amended Complaint establish that BANA informed Debtor of the reasons for the denial of her application for a second loan modification, and Debtor herself attached a copy of BANA's October 16, 2016 denial of her appeal as an exhibit to the Amended Complaint. *See* Am. Compl., Doc. 27-2. Although Debtor appears to disagree with the reasons and decisions provided by BANA in denying her application for a loan modification, the

mere fact that BANA denied her application and related appeal does not give rise to a plausible claim for relief under Sections 1024.41(d) or 1024.41(h).  Accordingly, the Court should dismiss Count One for violation of RESPA.

### 2.    Fraud (Count Six)

In order to adequately allege a fraud claim, Debtor must allege sufficient facts to show (1) a misrepresentation or a material omission of fact which was false and known to be false by defendant, (2) made for the purpose of inducing the other party to rely upon it, (3) justifiable reliance of the other party on the misrepresentation or material omission, and (4) injury. *See Premium Mortg. Corp. v. Equifax, Inc.,* 583 F.3d 103, 108 (2d Cir. 2009).  In addition, Rule 9(b) requires that fraud claims be pled with a level of specificity; thus, the complaint must: (a) specify the statements that the plaintiff contends were fraudulent; (b) identify the speaker; (c) state where and when the statements were made; and (d) explain why the statements were fraudulent.  *See Rombach v. Chang,* 355 F.3d 164, 170 (2d Cir. 2004).

Further, to satisfy Rule 9(b), a complaint "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements."  *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989).  "While knowledge of the fraud or intent to defraud on the part of the defendant may be averred generally, Rule 9(b) also requires such allegations of scienter to be supported by facts giving rise to a strong inference that defendant knew the statements to be false and intended to defraud plaintiff."  *Arons v. Lalime*, 3 F. Supp. 2d 314, 325 (W.D.N.Y. 1998) (internal citation omitted).  Accordingly, a plaintiff may satisfy Rule 9(b)'s pleading requirements with allegations "either that the defendants engaged in consciously fraudulent behavior, or that they had motive and a 'clear opportunity' to

commit fraud." *Citadel Mgmt., Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 155 (S.D.N.Y. 2000).

Here, the Amended Complaint does not allege a viable claim for fraud. In fact, Debtor's fraud claim is comprised only on her general, conclusory and self-serving statements that BANA informed her in the October 14, 2016 denial letter that the "mortgage owner or investor did not allow mortgage modifications" and that such statement was false. Am. Compl. ¶¶ 135-136. Debtor also alleges that BANA "ratified and approved SPS's fraudulent statements" to the Debtor. Am. Compl. ¶ 145. These vague allegations are contradicted by Debtor's own exhibits, which show that BANA denied Debtor's loan modification application on or around October 14, 2016 under various modification programs, and for specific and articulated reasons. *See* Doc. 27-2. For example, with regard to the Home Affordable Modification Program and Tier 2 Program, BANA informed Debtor that the investor "has not given us the contractual authority to modify your loan." *See id*. With regard to the Bank of America Loan Modification Program and Bank of America Capitalization Loan Modification Program, BANA informed Debtor that her gross monthly income "is so low relative to the outstanding amount of your loan" that "the portion of the amount of your loan as to which we would need to eliminate interest and amortization would exceed the specified percentage." *Id.* Debtor has not alleged a single fact, let alone with the heightened pleading requirements of Rule 9(b), to show that BANA's statements in that regard constituted misrepresentations of fact or material omissions of fact which were false and known to be false by BANA. Likewise, Debtor does not allege a single fact to show that BANA made those statements with the intent of inducing the Debtor to rely it, nor does she allege a single fact to show that she detrimentally relied on BANA's alleged false or misleading statements and suffered damages as a

result.  Thus, Debtor does not state a plausible claim for common law fraud against BANA.

Accordingly, the Court should dismiss Debtor's Count Six with prejudice.

### 3.    Deceptive Practices Act, General Business Law § 349(a) (Count Seven)

Debtor does not and cannot allege sufficient facts to support a claim for violation of the

Deceptive Practices Act because her allegations relate to a private contractual dispute.  To assert

a viable claim under the Deceptive Practices Act, General Business Law § 349(a), "a plaintiff must

plead that (1) the challenged conduct was consumer-oriented, (2) the conduct or statement was

materially misleading, and (3) [he or she sustained] damages." *Emigrant Mortg. Co., Inc. v.*

*Fitzpatrick*, 95 A.D.3d 1169, 1171-72 (2d Dept. 2012).  Private contract disputes unique to the

parties do not fall within Section 349 as a matter of law.  *Oswego Laborers' Local 214 Pension*

*Fund v. Marin Midland Bank,* 85 N.Y.2d 20, 25 (1995).

Here, Debtor cannot meet the standard required to plead a plausible claim for violation of

the Deceptive Practices Act because the Loan and conduct at issue relate to, and are governed by,

a private contract between Debtor and BANA (i.e., the Note and Mortgage).  Moreover, Debtor's

self-serving allegations do not sufficiently establish that "Defendants have acted in concert

together" or in "collective conduct" in violation of the Deceptive Practices Act; rather, her

allegations simply demonstrate that BANA, and later SPS, denied her applications for a loan

modification and that she did not agree with those denials. Am. Compl. ¶¶ 154-155.  Finally,

Debtor's conclusory allegations do not establish that BANA engaged in an act or practice that was

deceptive in a material way or "materially misleading" to her in relation to the Note and/or

Mortgage, or that she sustained damages as a result of any materially misleading conduct or

statement made by BANA to her in relation to those contracts.  Thus, Debtor does not and cannot

state a plausible claim for violation of the Deceptive Practices Act based on her allegations.

For all of these reasons, the Court should dismiss Count Seven for violation of the Deceptive Practices Act with prejudice, as Debtor does not state a plausible claim for relief.

### III.    CONCLUSION

For the reasons set forth herein, the Court should dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12 (b)(1), for lack of subject matter jurisdiction, and alternatively, the Court should dismiss the Amended Complaint, with prejudice, pursuant to Fed. R. Civ. P.12 (b)(6), for failure to state a plausible claim for relief.

WINSTON & STRAWN LLP
*Counsel for Defendant Bank of America, N.A.*


Dated: May 22, 2019                     By:____*/s/ Heather Elizabeth Saydah*____
                                        Heather Elizabeth Saydah, Esq.
                                        200 Park Avenue
                                        New York NY 10166
                                        (212) 294-5312
                                        hsaydah@winston.com
                                        *Counsel for Bank of America, N.A.*