# EXHIBIT C



Nassau County
Maureen OConnell
County Clerk
Mineola, NY 11501

Ref ID#: IN 15--007128　　　Instrument Number: 2018- 00136923
As
**J60 - JUDGMENT FORECLOSURE & SALE**

Recorded On: June 28, 2018
Parties: DEUTSCHE BANK NATIONAL TRUST CO (TRU)
　　　　TO JOANN KOLNBERGER (AKA)　　　　　　　　　　Num Of Pages: 11
Recorded By: SHAPIRO　　　　　　　　　　　　　　　　Comment:

** Examined and Charged as Follows: **

J60 - JUDGMENT FORECLOSURE　　0.00
　　Recording Charge:　　0.00

** THIS PAGE IS PART OF THE INSTRUMENT **

I hereby certify that the within and foregoing was recorded in the Clerk's Office For: Nassau County, NY

File Information:　　　　　　　　　Record and Return To:
　Document Number: 2018- 00136923
　Receipt Number: 1132389
　Recorded Date/Time: June 28, 2018 01:35:05P
　Book-Vol/Pg: Bk-J Vl-4334 Pg-306
　Cashier / Station: 0 BMP / NCCL-CCQ4FP1

*Maureen O'Connell*
**County Clerk Maureen O'Connell**

At Part 16 of the Supreme Court of the State of New York held in and for the County of Nassau, at the Courthouse thereof, at Mineola, New York, on JUN-0-8-2018 2017.

Present: Hon. Thomas A. Adams, J.S.C.

Deutsche Bank National Trust Company, as Trustee under The Pooling and Servicing Agreement Relating to IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-4,

Plaintiff,

-against-

Joann Kolnberger a/k/a Joann Marie Kolnberger; Mortgage Electronic Registration Systems, Inc., as nominee for First Financial Equities, Inc.; "John Doe",

Defendants.

**ORDER RESTORING MATTER TO COURT'S ACTIVE CALENDAR AND JUDGMENT OF FORECLOSURE AND SALE**

Index No. 15-007128

Our File No.: 15-044961

Premises:
106 Park Hill Avenue
Massapequa, NY 11758

Section 52 Block 202 Lot 2603

ON the Summons, Complaint and Notice of Pendency duly filed in this action on 7th day of August, 2015, and all proceedings thereon; and on reading and filing the Notice of Motion dated _____ MAY 25 _____, 2017 and Affirmation of Regularity of Alexander Phengslaroun, Esq. dated _____ MAY 25 _____, 2017, with exhibits annexed thereto including an Affidavit of Merit and Amounts Due of Regina Irving-Francois, Assistant Vice President of Select Portfolio Servicing, Inc., the mortgage loan servicing agent & attorney-in-fact of the Plaintiff, Deutsche Bank National Trust Company, as Trustee under The Pooling and Servicing Agreement Relating to IMPAC Secured Assets Corp., Mortgage Pass-Through Certificates, Series 2006-4, which is a duly authorized corporation or association, dated May 16, 2016, showing that all Defendant(s) were duly served pursuant to the laws of the State of New York with a copy of the Summons in this action, or have voluntarily appeared by their respective attorneys; and on the proof of service upon and appearance, if any, by the Defendant(s) herein

heretofore filed in this action; and stating that more than the legally required number of days have elapsed since said Defendant(s) were so served; and that none of the Defendant(s) have served an answer to said Complaint, nor has their time to do so been extended; and

ON the Order of Reference made and entered on July 11, 2016, appointing David S. Dikman, Esq. as Referee in this action to ascertain and compute the amount due, and to examine the Plaintiff or its agent on oath as to the allegations of the complaint, and to examine and report whether the mortgaged premises should be sold in one or more parcels;

AND on reading and filing of the oath and report of the aforesaid Referee sworn to and dated September 6, 2016, it appears that the sum of $502,687.86 was due the Plaintiff, as of April 29, 2016, plus a per diem interest for every day thereafter, on the date of said Report and that the mortgaged premises should be sold in one parcel.

NOW, on motion of Shapiro, DiCaro & Barak, LLC, the attorneys for the Plaintiff, it is

ORDERED, that the motion is granted ~~without opposition~~ and it is further

ORDERED, ADJUDGED AND DECREED, that the matter be restored to the Court's active calendar; and it is further

ORDERED, ADJUDGED AND DECREED that instant application by Plaintiff for a Judgment of Foreclosure and Sale be deemed timely filed in accordance with the timeframe set forth by the Court; and it is further

ORDERED, ADJUDGED AND DECREED that the report of David S. Dikman, Esq. dated September 6, 2016, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment the referee certifies that they are in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, section 36.2(c) ("Disqualifications from

appointment"), and section 36.2 (d) ("Limitations on appointments based upon compensation"); and it is further

**ORDERED, ADJUDGED, AND DECREED** that the mortgaged premises (Section 52 Block 202 Lot 2603) as further described in the complaint in this action be sold at a public auction on a Tuesday at 11:30 am in the Calendar Control Part (CCP) Courtroom, 100 Supreme Court Drive, Mineola, NY 11501 within ninety (90) days of the entry of this Judgment by and under the direction of David S. Dikman, Esq., Fiduciary Number 260086, who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place of such sale according to law and the practice of this Court, in an official publication, to wit: Freeport/Baldwin Leader, 1840 Merrick Avenue, Merrick, New York; or in any publication in compliance with RPAPL §231; and it is further

**ORDERED, ADJUDGED, AND DECREED** that the Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; that in case the plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon, and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee at the time of the sale may accept a written bid from the Plaintiff or Plaintiff's attorneys, just as though the Plaintiff were physically present to submit said bid; and it is further

**ORDERED, ADJUDGED, AND DECREED** that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the plaintiff becomes the purchaser or purchasers at such sale they shall be required to tender a deposit of 10% of the purchase price in certified funds and that all deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser, and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale and if such closing

is required, and the Referee seeks and is awarded additional fees for said closing, those fees shall be paid by purchaser; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that said Referee on receiving the proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further,

**ORDERED, ADJUDGED AND DECREED,** that said Referee then take the remaining proceeds of sale and deposit them in his own name as Referee in his IOLA account or other separate account at TD Bank, 855 Franklin Avenue, Garden City, New York 11530 and in addition to executing a deed to the purchaser(s) of the premises sold, shall thereafter make the following payments and his checks drawn for that purpose;

**FIRST:** That statutory fees of the Referee in the sum of $500.00.

**SECOND:** The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale and filed with said Depository and Clerk of this Court.

**THIRD:** Said Referee shall also pay to the plaintiff or plaintiff's attorney, the sum of $2,926.00 to be determined by the Clerk and adjudged to the Plaintiff for costs and disbursements in this action or as taxed by the Clerk on the Costs of Plaintiff and inserted therein, with interest thereon from the date hereof; together with reasonable attorneys' fees in the sum of $4,950.00 as provided for in paragraph 22 of the mortgage, and also the sum of $502,687.86 the said amount so reported due as aforesaid, together with contractual interest thereon from April 29, 2016, the date interest was

        calculated to in said report to the date of entry of the Judgment and legal interest thereafter, or so much thereof as the purchase money of the mortgaged premises will pay of the same, together with any advances necessarily paid by the Plaintiff for taxes, fire insurance, principal and interest to prior mortgages to preserve and or maintain the premises not previously included in any computations, said expenses being substantiated by proper receipts therefore.

**FOURTH:** If such Referee intends to apply for a further allowance for fees, the Referee may leave upon deposit such amount as will cover such additional allowance to await the further order of this Court thereon after application duly made.

That in case the plaintiff be the purchaser of said mortgaged premises at said sale, or in the event that the rights of the purchasers at said sale and the terms of sale under the judgment shall be assigned to and be acquired by the plaintiff, and a valid assignment thereof filed with said Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, sewer rents and water rates, with interest and penalties thereon, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid amounts paid by the plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the plaintiff as specified in item marked "THIRD"; that if after so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the

plaintiff, the plaintiff shall pay to the said Referee, upon delivery to plaintiff of said Referee's deed, the amount of such surplus; that said Referee on receiving said several amounts from the plaintiff shall forthwith pay therefrom said taxes, assessments, sewer rents, water rates, with interest and penalties thereon, unless the same have already been paid, and shall then deposit the balance.

The said Referee shall take the receipt of the Plaintiff or the attorneys for the Plaintiff for the amounts paid as directed in item "THIRD" above, and file it with the report of sale; that surplus monies be deposited, if any, with the Nassau County Treasurer within five days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on an order of this Court, signed by a Justice of this Court. The Referee shall make the report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Nassau County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff with interest and costs as aforesaid, the Plaintiff shall recover from the Defendant(s), Joann Kolnberger and Michael Kolnberger, unless discharged in bankruptcy, the whole deficiency or so much thereof as this Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by §1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof if determined and awarded by an Order of this Court as provided for in said section; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser(s) at said sale be let into possession on production or delivery of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED** that each and all of the Defendant(s) in this action and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest, and equity of redemption in said mortgaged premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts than an accurate survey of the premises would show, any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreement of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in §1354 of the Real Property Actions and Proceeding Law; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from date of sale; and it is further

**ORDERED, ADJUDGED and DECREED**, that transfer tax is not a lien upon the Property or an expense of sale, but rather an expense of recording the deed. All expenses of recording the Referee's Deed shall be paid by the purchaser and not the Referee from sale proceeds; and it is further

**ORDERED**, that pursuant to CPLR 8003(a) (the statutory fee of $50.00) (In the discretion of the court, a fee of $ _600.00_ ), shall be paid to the Referee for the computation stage and upon the filing of his/her report; and it is further

**ORDERED** that pursuant to CPLR 8003(b), absent application to the court, further court order, and compliance with Part 36 of the Rules of the Chief Judge, the Referee shall not

demand, accept or receive more than the statutory $500.00 otherwise payable to the Referee for the foreclosure sale stage, regardless of adjournment, delay, or stay of the sale; and it is further

**ORDERED**, that the Referee is prohibited from accepting or retaining any funds for himself/herself of paying funds to him or herself without compliance with Part 36 of the Rules of the Chief Administrative Judge

**ORDERED**, that the Referee appointed to sell herein be served with a signed copy of this Judgment of Foreclosure and Sale with Notice of Entry; and it is further

**ORDERED**, that the Referee must submit a copy of the Notice of Sale to the Motion Support Office of the Supreme Court Room 152 at least ten (10) days prior to the date of the auction, and it is further

**ORDERED, ADJUDGED AND DECREED**, that for purposes of statutory compliance with RPAPL 1351(1), the date of the Judgment of Foreclosure and Sale shall be deemed to be the date of entry of the Judgment of Foreclosure and Sale.

Said premises commonly known as 106 Park Hill Avenue, Massapequa, NY 11758. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule A.

No sale of the premises will be scheduled, and the Court will not place the above captioned matter on the calendar for auction, nor will the court accept a Notice of Sale, unless and until an "Affidavit in Support of Residential Mortgage Foreclosure" is submitted by the plaintiff stating that all Federal, State and Local Statutes, Laws, rules and Regulations, Mandates and Executive Orders with respect to Mortgage Foreclosure, Foreclosure Prevention and Home Retention as well as all conditions precedent to the commencement of an action to foreclosure and residential mortgage have been complied with in this instant action.

Date: ~~July~~ JUN 0 8 2018

ENTER,

Hon. Thomas A. Adams, J.S.C.

Attorney certification pursuant to 22NYCRR §130-1.1-a is affixed to inside cover.

**ENTERED**
JUN 1 1 2018
NASSAU COUNTY
COUNTY CLERK'S OFFICE

15-044961      Judgment of Foreclosure and Sale      Page 8 of 10

Closing USA, LLC

SCHEDULE A

DESCRIPTION OF MORTGAGED PREMISES

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being at Massapequa, Town of Oyster Bay, County of Nassau and State of New York, known as and by parts of Lot Nos. 2570 to 2573 inclusive in Block 32, as shown on a certain map entitled, "Map of Property of the Queens Land and Title Company, at Massapequa, L.I., Section D, surveyed 1907 by Alvin G Smith, C.E., Freeport, L.I., and filed in the Office of the Nassau County Clerk on 1/29/08 under File No. 41, Case No. 303, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the westerly side of Franklin Avenue with the southerly side of Parkhill Avenue;

RUNNING THENCE along the westerly side of Franklin Avenue, South 8 degrees 57 minutes 45 seconds West, 70.245 feet;

THENCE North 85 degrees 59 minutes 00 seconds West, 102.14 feet;

THENCE North 4 degrees 01 minutes 00 seconds East, 70 feet to the southerly side of Parkhill Avenue;

THENCE along the southerly side of Parkhill Avenue, South 85 degrees 59 minutes 00 seconds East, 108.18 feet to the corner, the point or place of BEGINNING.

NASSAU
COUNTY
CLERK

NASSAU
COUNTY
CLERK

15-007128
NASSAU INDEX #
FILED
JUN 11 2018
NASSAU COUNTY
COUNTY CLERK'S OFFICE